IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

         Plaintiff,

v.                                CRIMINAL ACTION NO. 2:09-cr-00083

HERMAN RAY ARMSTRONG,

         Defendant.

**ORDER**

Pursuant to the Supreme Court's opinion in *United States v. Booker*, 125 S. Ct. 738 (2005), this court must, after making the appropriate findings of fact, calculate the applicable guideline range and then consider that range, the Sentencing Guidelines, and other relevant factors set forth in 28 U.S.C. §3553(a), before imposing sentence. Accordingly, the court **ORDERS** counsel for each party to file a sentencing memorandum in this matter by **November 3, 2009**.

If relevant conduct is suggested by the presentence report as appropriate to be raised in the calculation of the guideline sentence, then the defendant shall state specifically any objection to the use of any alleged conduct, including any assertion that the conduct is not appropriate for purposes of calculating the guideline sentencing range. Each party shall also discuss any other 18 U.S.C. § 3553(a) factors that they deem relevant to the court's determination of an appropriate sentence.

The court will consider the failure of a defendant to object to any relevant conduct alleged in the presentence report to be an admission of that conduct. If there are objections to relevant conduct, the parties shall list the witnesses to be called to address the relevant conduct application and include a brief proffer of each witness' expected testimony. The memorandum of each party

shall also list any witness to be called for a purpose related to non-guideline sentencing factors and include a brief proffer of the witness' expected testimony.

The memorandum should include an estimate of the time the party believes will be required for the sentencing hearing. Additionally, each party may make an argument in the memorandum for a specific sentence in the absence of a plea agreement provision to the contrary. Each party shall also brief any issue of law to be argued at the sentencing hearing. The parties may request that the memorandum be filed under seal if information contained therein might compromise an ongoing investigation or expose any person to an increased risk of harm.

In addition to filing the sentencing memorandum with the court, counsel are **DIRECTED** to provide a copy of the same to opposing counsel and to the probation officer.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: August 17, 2009

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge